**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

EDWARD DAY, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ETAN INDUSTRIES, INC. d/b/a CREDIT PROTECTION ASSOCIATION, ETAN GENERAL, INC., and CREDIT PROTECTION ASSOCIATION, L.P.,

Defendants.

**CLASS ACTION COMPLAINT**

**Civil Action No. 09-cv-6006**

**JURY TRIAL DEMANDED**

---

## CLASS ACTION COMPLAINT

## I. INTRODUCTION

1. This action is brought by Plaintiff Edward Day, on behalf of himself and all others similarly situated, for statutory damages against Defendant Etan Industries, Inc. d/b/a Credit Protection Association, Etan General, Inc. and Credit Protection Association, L.P. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

## III. PARTIES

3. Plaintiff Edward Day is an individual who resides in Arlington Heights, Illinois.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Etan Industries, Inc. ("ETAN") is a corporation organized under the laws of the State of Texas located in Dallas, Texas.

6. ETAN does business as Credit Protection Association.

7. ETAN is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8. ETAN regularly attempts to collect consumer debts alleged to be due to another.

9. ETAN was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendant Etan General, Inc., ("EGI") is a corporation organized under the laws of the State of Delaware located in Dallas, Texas.

11. EGI is engaged in the collection of debts from Illinois consumers using the mail and telephone.

12. EGI regularly attempts to collect consumer debts alleged to be due to another.

13. EGI was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. Defendant Credit Protection Association, L.P. ("CPA LP") is a limited partnership located at 13355 Noel Road, Dallas, Texas.

15. CPA LP is licensed by the State of Illinois as a "collection agency" under License Number 017000635.

16. CPA LP is engaged in the collection of debts from Illinois consumers using the

mail and telephone.

17. CPA LP regularly attempts to collect consumer debts alleged to be due to another.

18. CPA LP was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

19. CPA LP maintains an insurance policy with Hartford Fire Insurance Company.

20. EGI is a general partner of CPA LP.

21. ETAN, EGI, and CPA LP share the same Post Office Box in Dallas, Texas, *i.e.*, PO BOX 802068, Dallas, Texas, 75380-2068.

22. ETAN's Registered Agent in Texas is Nathan A. Levine at 13355 Noel Road, 21st Floor, Dallas, Texas 75240.

23. The President of EGI is Nathan A. Levine at 13355 Noel Road, #2100, Dallas, Texas 75240.

24. The Secretary of EGI is Ann E. Levine at 13355 Noel Road, #2100, Dallas, Texas 75240.

25. The Texas Secretary of State Registration Date of both EGI and CPA LP is July 22, 1997.

## IV. FACTUAL ALLEGATIONS

26. Mr. Day incurred an alleged debt to Comcast for cable, internet, and/or telephone service, as well as for use of related equipment (hereinafter referred to as "the Debt.").

27. Mr. Day's payments fell into arrears.

28. Comcast hired CPA LP to attempt to collect the Debt.

29. CPA LP obtained the Debt after the Debt entered default.

30. By correspondence dated October 6, 2008, Defendants arranged for the preparation and transmittal of a letter to Mr. Day at his former residence in an attempt to collect the Debt. Defendants' October 6, 2008, letter is hereinafter referred to as "Letter A."

31. Mr. Day received Letter A shortly after October 6, 2008.

32. Letter A contains "**Account #:** 01-010000-8798100710628626-00."

33. Letter A contains "**Reference #:** 01505371053."

34. Letter A contains "**Balance Due:** $1,492.85."

35. Letter A states, "The records of Comcast indicate that your account is seriously past due in the amount of $1,492.85."

36. The reverse side of Letter A contains the notice required by 15 U.S.C. § 1692g(a).

37. By correspondence dated October 24, 2008, Defendants arranged for the preparation and transmittal of a letter to Mr. Day at his former residence in an attempt to collect the Debt. Defendants' October 24, 2008, letter is hereinafter referred to as "Letter B."

38. Mr. Day received Letter B shortly after October 24, 2008.

39. Letter B contains "**Account #:** 01-010000-8798100710628626-00."

40. Letter B contains "**Reference #:** 01505371053."

41. Letter B contains "**Balance Due:** $1,492.85."

42. Letter B states:

> Be advised that the thirty (30) day validation period discussed in our first letter concerning the validity of your debt will pass within the next three (3) weeks. If you do not seek validation, we will assume that your debt is valid at the end of that period. If this account is not settled, your name and account number will be reported to credit bureaus throughout the country.

43. Letter B claims that the validation period may extend until November 14, 2008.

44. The validation period would end on November 14, 2008, only if Mr. Day received Letter A on October 15, 2008.

45. Letter B requires the consumer to "seek validation" to prevent CPA LP from assuming the debt valid.

46. Letter B requires the consumer to send CPA LP written correspondence to prevent CPA LP from assuming the debt valid.

47. The Dallas Central Appraisal District appraises property for the purpose of ad valorem property tax assessment on behalf of the 61 local governing bodies in Dallas County, Texas. See http://www.dallascad.org/

48. The Dallas Central Appraisal District was established pursuant to Texas state law. See http://www.dallascad.org/AboutUs/History.aspx

49. The Dallas Central Appraisal District's 2009 Certified Value of the business personal property at 13355 Noel Road, Suite 2100, Dallas, Texas is $1,110,730.00.

## V. DEFENDANTS' POLICIES AND PRACTICES

50. It is the standard policy and practice of Defendants to use false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

51. It is the standard policy and practice of Defendants to threaten to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

52. It is the standard policy and practice of Defendants to require a consumer to "seek

validation" to prevent it from assuming a debt is valid in violation of 15 U.S.C. § 1692g(a)(3).

53. It is the standard policy and practice of Defendants to contradict and/or overshadow the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

## VI. CLASS ALLEGATIONS

54. This action is brought as a class action. Plaintiff defines class as (i) all persons within the state of Illinois (ii) to whom Defendants sent letters in the form of Letters A and B (iii) where Letter B was sent less than 28 days after Letter A was sent (iv) in an attempt to collect a debt to Comcast (v) incurred for personal, family, or household purposes (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

55. The class is so numerous that joinder of all members is impractical.

56. Upon information and belief, Defendants sent more than 50 persons within the state of Illinois letters in the form of Letters A and B, where Letter B was sent less than 28 days after Letter A was sent, in an attempt to collect a debt to Comcast incurred for personal, family, or household purposes during the period of time one-year prior to the filing of this Complaint.

57. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendants violated the FDCPA by:

A. using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

B. threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

C. requiring a consumer to "seek validation" to prevent it from assuming a debt is valid in violation of 15 U.S.C. § 1692g(a)(3); and

D. contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

58. There are no individual questions, other than to whom Defendants sent the form letters. This can be determined by a ministerial inspection of Defendants' records.

59. Plaintiff will fairly and adequately protect the interests of the class.

60. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

61. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issues are:

A. whether Defendants' practice of sending letters in the form of Letters A and B, including the timing of their sending, violates the FDCPA; and

B. whether Defendants' practice of requiring consumers to "seek validation" to prevent Defendant from assuming the debt valid violates the FDCPA.

62. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

63. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

65. Defendants' violations of the FDCPA include, but are not limited to:

A. using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

B. threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

C. requiring a consumer to "seek validation" to prevent it from assuming a debt is valid in violation of 15 U.S.C. § 1692g(a)(3); and

D. contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

66. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Edward Day requests that judgment be entered in his favor and in favor of the class against Defendants Etan Industries, Inc., Etan General, Inc. and Credit Protection Association, L.P. for:

A. Certification of this matter as a class action;

B. Declaratory judgment that Defendant's practices violate the FDCPA;

C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E. For such other relief as the Court may find to be just and proper.

## IX. JURY DEMAND

Plaintiff Edward Day hereby demands that this case be tried before a Jury.

s/ Craig M. Shapiro

Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

ATTORNEYS FOR PLAINTIFF EDWARD DAY